# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No. 2:15-CV-2009-RMG-MGB |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Eugene Milford, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

The United States of America brought this action against Eugene Milford, appearing *pro se*, to collect student loan debt. Defendant Milford counter-claimed alleging numerous claims against the United States of America. (Dkt. No. 21.) This matter is before the court on Plaintiff's Notice and Motion for Summary Judgment (Dkt. No. 26) and the Defendant's Motion for Summary Judgment. (Dkt. No. 29.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration. For the reasons stated herein, the undersigned recommends the Plaintiff's Motion for Summary Judgment (Dkt. No. 26) be granted and the Defendant's Motion for Summary Judgment. (Dkt. No. 29) be denied.

## PLAINTIFF'S CLAIM

The Plaintiff's claim is a straight-forward collection action on a promissory note ("note") signed by the Defendant on April 20, 1999.[1] (Dkt. No. 36-2.) Under the terms of the note, the Defendant was disbursed $34,266.58 between May 3, 1999, and May 4, 1999, and $28,141.60

---

[1] The note was issued under the William D. Ford Federal Direct Loan Program, which is authorized by Title IV, Part D of the Higher Education Act of 1965, as amended ("HEA"), 20 U.S.C. § 1087a *et seq.* Under the Direct Loan Program, the Department of Education makes loans directly to borrowers, who repay the loans directly to the Department. 20 U.S.C. § 1087a *et seq.*

between May 4, 1999, and May 25, 1999 at a variable interest rate to be determined annually. (26-2 at 1.) Following demand of payment, the Defendant defaulted on the loan on March 25, 2005. (*Id.*) The Plaintiff has credited $7,113.61 in payments to the loan from all sources including treasury offsets. (*Id.*) The Plaintiff alleges that the Defendant owes a principal balance of $74,758.08 and interest in the amount of $30,604.93 as of March 20, 2015. (*Id.*) The total amount owed as of March 20, 2015, was $105,363.01. (*Id.*) The interest continued to accrue at a current rate of 2.33% and a daily rate of $4.77 through June 30, 2015, at which time the interest rate may change under 20 U.S.C. 1087e. (*Id.*)

## **DEFENDANT'S CLAIMS**

The Defendant filed an amended counter-claim and answer on August 13, 2015. (Dkt. No. 21.) The Defendant alleges many detailed facts relating to a guilty plea he entered in Sumter County, South Carolina on February 5, 1990. (*Id.*) The Defendant alleges facts attacking his subsequent Post Conviction Relief ("PCR") proceedings that occurred in October of 1993. (*Id.*) The Defendant alleges he attended the Columbia University School of Social Work and the Bank Street College of Education in the mid-1990's and graduated with dual master's degrees in social work and education. (*Id.*) The Defendant alleges that on April 26, 1999, he received a letter from the Plaintiff stating, "Since we haven't heard from you, we assume you are no longer interested in a Direct Consolidation Student Loan, and we have cancelled your loan application." (*Id.*; *see also* 21-1 at 1.)

The Defendant alleges that in 2002 he was injured while on the job and was denied immediate compensation from a worker's compensation claim in New York. (Dkt. No. 21.) He later alleges that he received full compensation from this claim. He alleges that he went through Chapter 13 bankruptcy in Maryland on November 15, 2002, and that the note "should have been discharged." (*Id.* at 2.)

2

The Defendant alleges that on August 15, 2011, the Defendant was notified by the Plaintiff that the Department of the Treasury would offset any money the Defendant was owed by government until the loan was paid. (Dkt. No. 21 at 3.) The Defendant hired an attorney to challenge the note. (*Id.*) The parties attempted to mediate the dispute but the Defendant could not comply with any of the settlement terms offered by the Plaintiff. (*Id.*)

The Defendant alleges he appeared before the "South Carolina Full Education Board for an Educator Certification in Special Education in Emotional Disabilities" on May 8, 2013. (Dkt. No. 21 at 3.) The Board approved a motion to deny his application (presumably for employment). (*Id.* at 3-4.)

The Defendant alleges several counter-claims against the United States of America. (Dkt. No. 21 at 4-6.) The Defendant seeks for the court to declare his note and guilty plea void due to "False Certification" by the United States. (*Id.* at 4.) The Defendant seeks for his guilty plea to be "voided as a Matter of Law supported by prima facial [sic] facts" from his criminal case. The Defendant seeks to have the note voided because he alleges the United States is "guilty" of "criminal coercion to duress." (*Id.* at 5.) The Defendant alleges an employment discrimination claim based on race, age, "false certification," and criminal background against the South Carolina Board of Education. (*Id.*) The Defendant alleges the Plaintiff committed fraud by not submitting a copy of the note.[2] (*Id.*) The Defendant alleges that the United States has retaliated against him because of his posts on Facebook and Twitter regarding racial discrimination and criminal conduct by South Carolina Law Enforcement Officials. (*Id.*) The Defendant alleges that the United States has retaliated against him by notifying the South Carolina Board of Education of his criminal charge, which he alleges was improper. (*Id.* at 6.)

---

[2] The Plaintiff subsequently submitted a copy of the note signed by the Defendant. (*See* Dkt. No. 36-2.)

**STANDARD OF REVIEW**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" *Id.* (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[A]ll evidence must be construed in the light most favorable to the party opposing summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 261 (1986).  The court is not obliged, however, to deny summary judgment for the moving party when the evidence favoring the nonmoving party is "merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 249–50. "This court is required to construe *pro se* complaints and petitions liberally." *Stout v. Robnett*, 107 F. Supp. 2d 699, 702 (D.S.C. 2000) (internal quotations and citations omitted). "[P]*ro se* complaints…are held to a less stringent standard than those drafted by attorneys,…and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case." *Id.*

**ANALYSIS**

**Plaintiff's Notice and Motion for Summary Judgment (Dkt. No. 26)**

No genuine issue of fact exists as to the Plaintiff's claim against the Defendant.  "To succeed in [an] action against a borrower on defaulted student loans, the government must show:

4

(1) the borrower is the person issued [the] note; (2) the government owns [the] note; and (3) the note is unpaid." *United States v. Muhilly*, No. 6:07-CV-0290-HFF, 2008 WL 220256, at *4 (D.S.C. Jan. 25, 2008) (citing *United States v. Durbin,* 64 F.Supp.2d 635, 636 (S.D.Tex.1999)). The Defendant signed the promissory note (Dkt. No. 36-2 at 1) on April 20, 1999, and was issued the funds the following month. (Dkt. No. 1-1 at 1.)

While the Defendant argues that he received a letter canceling his application on April 26, 1999 (Dkt. No. 21-1), he does not deny that he signed the note. In his allegations, he asserts that the note should have been discharged during his 2002 bankruptcy proceeding, thereby admitting to the existence of the note.[3] (Dkt. No. 21 at 2.) The government presented a Certificate of Indebtedness showing that it owns the note as of March 19, 2015. (Dkt. No. 1-1.) Likewise the record shows that the note is unpaid. (*Id.*) The Certificate of Indebtedness stated that $105,363.01 remains unpaid on the note as of March 20, 2015. (Dkt. No. 1-1 at 1.) The Defendant does not appear to dispute that the note is unpaid, but rather that the note should be voided for various non-cognizable reasons, which are framed as counter-claims and discussed *infra*.[4] As to the note, no genuine issue of material fact exists, and the Plaintiff is entitled to summary judgment as a matter of law. This court recommends that the Plaintiff was entitled to

---

[3] "Student loans, as a general rule, fall within the category of nondischargeable debts and pass through the bankruptcy process unaffected." *In re Ekenasi*, 325 F.3d 541, 545 (4th Cir. 2003).
[4] The only affirmative defense raised by the Defendant is laches, which the Defendant alleges is connected to his age discrimination and worker's compensation claim. (Dkt. No. 21 at 6.) The Defendant's lack of a cogent argument is without consequence as laches is not a defense to the government collecting on a valid student loan. *See United States v. Reed*, No. 3:12-CV-4254-BH, 2014 WL 462620, at *9 (N.D. Tex. Feb. 5, 2014) (citing *United States v. Lawrence*, 276 F.3d 193, 196 (5th Cir. 2001)); *see also United States v. Wright*, 87 F. Supp. 2d 464, 466 (D. Md. 2000) ("There is no statute of limitations that applies to the collection of defaulted student loans financed, insured, and guaranteed by the Department of Education.").

$105,363.01 as of March 19, 2015, plus interest of $4.77 per diem on the principal balance of $74,758.08 and associated costs.[5]

The Defendant responded to the Plaintiff's filing of the promissory note. (Dkt. No. 37.) He does not deny he signed the note or that he received the money. Instead he argues that the Plaintiff has changed the date he signed the note from April 26, 1999 to April 20, 1999, in an attempt to defraud the court. (*Id*. at 1-2.)  The Defendant alleges this change in date would be relevant because he alleges the letter that he received dated April 26, 1999, cancelled his application. (*See* 21-1 at 1.) The Defendant further alleges that the note "had an expiration date of January 31, 1999." (Dkt. No. 37 at 2.) The Defendant appears to be referring to the expiration date of the OMB (Office of Management and Budget) form. (*See* Dkt. No. 36 at 1.) Neither of the Defendant's arguments creates a genuine issue of material fact as to his liability or damages in the case at bar.[6]  The Defendant does not cite any law to support his allegations, and the court can find none. Which day in April of 1999 he signed the note and the OMB form's expiration date do not have any bearing on the facts that satisfy the Plaintiff's claim.  The record is uncontroverted that the Defendant was the person issued the note, that the government owns note, and that the note is unpaid. Therefore, this court recommends that the Plaintiff is entitled to judgment as a matter of law.

### Defendant's Motion for Summary Judgment. (Dkt. No. 29.)

The Defendant has failed to assert a cognizable claim against the United States of America. Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of

---

[5] The Plaintiff asserts costs of $67.49. (Dkt. No. 26-1 at 4.)

[6] *United States v. Lotfian*, No. 00-CV-1835-PJM, 2001 WL 34659519, at *1 (D. Md. Dec. 7, 2001), *aff'd,* 34 F. App'x 944 (4th Cir. 2002) (holding that a defendant's unsworn allegations that the signature on a student loan promissory note was not his and that the note had been altered did not create a genuine issue of material fact).

the claim showing that the pleader is entitled to relief." Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Id.* Additionally, any claim against the United States generally must be commenced within six (6) years of accrual, or two (2) years of accrual in the case of a tort claim. 28 U.S.C § 2401.

The Defendant claims that the note and his guilty plea that took place on February 5, 1990, in Sumter, South Carolina "must be voided and/or discharged due to False Certification by the Plaintiff who knew or should have known about the Defendant's criminally coerced [g]uilty [pl]ea." (Dkt. No. 21 at 4.) This claim does not comply with Rule 8 of the Federal Rules of Civil Procedure or *Iqbal* as the Defendant has failed to state a colorable claim against the United States of America. Additionally, any claim the Defendant is attempting to make is outside of the time limit established by 28 U.S.C § 2401. Any tort claims the Defendant may have arising from his 1990 guilty plea and 1999 student loan had to be brought within two years of their accrual. 28 U.S.C § 2401(b). Any other civil action must be commenced within six years after the action accrued. 28 U.S.C § 2401(a). To the extent the Defendant is now seeking habeas relief, this court does not have jurisdiction because he is not in custody. 28 U.S.C. § 2254(a); *Wilson v. Flaherty*, 689 F.3d 332, 336 (4th Cir. 2012) (quoting *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) ( "The Supreme Court has construed [28 U.S.C. § 2254(a)] to be jurisdictional and to require that 'the habeas petitioner be "*in custody" under the conviction or sentence under attack* at the time his petition is filed.'") (emphasis added in *Wilson*)).

The Defendant next claims that his February 5, 1990, guilty plea must be "voided as a [m]atter of [l]aw" because the Office of the Attorney General for the State of South Carolina

7

violated his right to a speedy trial and Due Process rights on October 20, 1993. (Dkt. No. 21 at 4.) This claim appears to relate to his PCR hearing. As with his first claim, the Defendant has failed to state a claim under Rule 8 and *Iqbal,* and any such claim is outside of the statutes of limitation under 28 U.S.C § 2401. Additionally, this court does not have jurisdiction over any claim for habeas relief.

The Defendant claims that the United States of America "engaged in an ongoing process of criminal coercion to duress in the life of the Defendant for the purpose of financial gain" in violation of "Model Penal Code, 212.5" and argues that this "criminal" act requires this court to void the note. (Dkt. No. 21 at 5.) The Defendant next claims that "the Plaintiff knowingly omitted a copy of the Original Promissory Note from their Complaint Claim No. 2011A8179/001 in an ongoing effort to deny the Defendant's…constitutional…rights to Due Process and Equal Protection…from [a]ge discrimination." (*Id.*) As with the Defendant's previous claims, he has failed to state a claim under Rule 8 and *Iqbal.* The Plaintiff did not cite any law to show a cause of action that might be supported by these facts. This court cannot surmise any actionable claim arising out of the Defendant's allegations.

The Defendant claims that he was "a victim of employment discrimination by the South Carolina Board of Education." (Dkt. No. 21 at 5.) The Defendant alleges he was discriminated against based on race, age, "false certification," and retaliation relating to a 1984 false arrest charge and his 1990 guilty plea. (*Id.*) The South Carolina Board of Education is not a party to this action. Therefore, the Defendant has failed to state a claim under Rule 8 and *Iqbal* against any party in the lawsuit.

The Defendant claims that the Plaintiff committed fraud on this court by failing to submit a copy of the note. The Defendant alleges that the failure to submit the note denied him his Due Process and Equal Protection rights and was based on age and race discrimination. At this

court's direction, the Plaintiff submitted a copy of the note on June 16, 2016. (Dkt. No. 36.) No evidence in the record supports that the Plaintiff's failure to submit the note was anything other than a clerical oversight. The Plaintiff cited to the note in its Motion for Summary Judgment. (*See* Dkt. No. 29.)  When ordered by the court, the Plaintiff immediately filed the note. (Dkt. Nos. 33 & 36.)  The Defendant has failed to state a claim under Rule 8 and *Iqbal*, and to the extent he does state a claim, there is no evidence in the record to support that the failure to file the note was a constitutional violation.

The Defendant alleges that the United States of America retaliated against him on May 14, 2015, due to the Defendant's "continuous web posting on facebook.com and twitter.com of racial discrimination and criminal misconduct by South Carolina Law Enforcement Officials." (Dkt. No. 21 at 5-6.) The Defendant alleges the retaliation violated his rights to freedom of expression and Equal Protection. (*Id*.) Additionally, he alleges that the United States of America retaliated against him on May 14, 2015, "due to continuous application statements to the South Carolina Board of Education by the Defendant regarding an ongoing False Arrest Charge from June 1984 and the deconstruction [sic] of records by the Office of Sheriff in Berkeley County." (*Id*. at 6.) The Defendant alleges that the retaliation violated his rights to Due Process and Equal Protection of the laws. (*Id*.) The Defendant has failed to state a claim under Rule 8 and *Iqbal*, and there is no evidence in the record to support any of the allegations made by the Defendant. For all of the reasons discussed here, the Defendant has failed to state a cognizable claim against the Plaintiff, and the Plaintiff is entitled to summary judgment as a matter of law.

## CONCLUSION

Therefore, it is **RECOMMENDED** that the Plaintiff's Notice and Motion for Summary Judgment (Dkt. No. 26) be **GRANTED** and the Defendant's Motion for Summary Judgment (Dkt. No. 29) be **DENIED**.

IT IS SO RECOMMENDED.

July 8, 2016

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).