## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Civil Action No. 2:15-2009-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Eugene Milford, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending summary judgment for Plaintiff, and on Defendant's motion to disqualify Magistrate Judge Baker from this case. For the reasons set forth below, the Court denies the motion to disqualify Magistrate Judge Baker, adopts the Report and Recommendation, and grants summary judgment for Plaintiff.

### I.  Background

Defendant was disbursed $62,408.18 in May 1999 on a note issued under the William D. Ford Federal Direct Loan Program and signed by Defendant on April 20, 1999. Following demand of payment, Defendant defaulted on March 25, 2005. On May 14, 2015, Plaintiff filed the present suit on a note. On December 21, 2015, Plaintiff filed an affidavit stating that Defendant owes $106,751.79 in principal, interest, and costs (of $67.49) as of that date, and that interest continues to accrue at the rate of $4.77 per diem. Plaintiff also seeks costs and attorney's fees.

### II.  Legal Standard

#### A.  Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

### B.     Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III.   Discussion

#### A.   Motion to Disqualify Magistrate Judge Baker

Defendant moves to disqualify Magistrate Judge Baker from this case because she formerly worked as an Assistant United States Attorney ("AUSA") and in that role represented the United States.[1] Magistrate Judge Baker would be disqualified from involvement in this proceeding due to her previous government employment only if she "participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." 28 U.S.C. § 455(b)(3). "As applied to judges who were formerly AUSAs, § 455(b)(3) requires some level of actual participation in a case to trigger disqualification." *United States v. Ruzzano*, 247 F.3d 688, 695 (7th Cir. 2001). Defendant provides several pages of materials to establish the undisputed fact that Magistrate Judge Baker once worked as an AUSA, but he does not allege any actual participation in any proceeding involving Defendant, nor does he provide any evidence that would support such an allegation. The Court therefore denies Defendant's motion to disqualify Magistrate Judge Baker.

---

[1] In this action, the United States is represented by the law firm Willcox, Buyck & Williams as private counsel for the United States Attorney for the District of South Carolina.

B. **Summary Judgment**

No genuine issue of fact exists as to Plaintiff's claim against Defendant. "To succeed in [an] action against a borrower on defaulted student loans, the government must show: (1) the borrower is the person issued [the] note; (2) the government owns [the] note; and (3) the note is unpaid." *United States v. Muhilly*, Civ. No. 6:07-0290-HFF, 2008 WL 220256, at *4 (D.S.C. Jan. 25, 2008) (citing *United States v. Durbin*, 64 F.Supp.2d 635, 636 (S.D.Tex.1999)). Defendant does not deny that he signed the note on which this suit is brought—nor does he deny receiving the money disbursed on the note. The Government's certificate of indebtedness, showing ownership of the note and showing that the note remains unpaid, is undisputed. (*See* Dkt. No. 1-1 at 1.)

Instead of disputing any element of Plaintiff's claim, Defendant asserts that the note should be voided for various reasons, including the promissory note's OMB form expiration date, an alleged letter stating that his loan application was cancelled (irrelevant as he does not deny signing the note or receiving the disbursements), a 2002 bankruptcy proceeding in which Defendant's student loan debt was not discharged, arguments about his 1990 guilty plea in Sumter County, South Carolina (the charges are not known but apparently involved a highway chase (*see* Dkt. No. 40 at 1)), subsequent state post-conviction relief proceedings, an employment discrimination action against the South Carolina Board of Education, and allegations that this suit on a note was filed in retaliation to Defendant's "continuous web posting on facebook.com and twitter.com of racial discrimination and criminal misconduct by South Carolina Law Enforcement Officials" (Dkt. No. 21 at 5–6). The Court agrees with the Magistrate Judge's conclusion that Defendant's arguments are not cognizable defenses or counterclaims in the present action.

On July 25, 2016, Defendant filed forty-six pages of objections to the Report and Recommendation (including his motion to disqualify Magistrate Judge Baker). Defendant's

objections are mere repetition of his summary judgment arguments with the makeweight addition of a lengthy account of how his efforts to obtain employment as an educator were thwarted by his criminal record. (See Dkt. No. 40 at 2–8.)

Because no genuine issue of fact exists as to Plaintiff's claim against Defendant, and because Defendant's assertions regarding Plaintiff's claim fail to present any cognizable defense or counterclaim, the Court agrees with the Magistrate Judge's recommendation that summary judgment be granted in favor of Plaintiff. The Court therefore will enter judgment for Plaintiff for $107,796.42 (Defendant's indebtedness as of December 21, 2015 plus interest at a rate of $4.77 per diem for 219 days). Postjudgment interest shall accrue at the legal rate. 28 U.S.C. § 1961. Plaintiff may submit a bill of costs as the prevailing party; any claim for attorney's fees must be made by motion. Fed. R. Civ. P. 54(d).

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** the motion for disqualification (Dkt. No. 40), **ADOPTS** the Report and Recommendation (Dkt. No. 38) as the Order of the Court, **GRANTS** Plaintiff's motion for summary judgment (Dkt. No. 26), **DENIES** Defendant's motion for summary judgment (Dkt. No. 29), and **ORDERS** the Clerk to enter judgment for Plaintiff for $107,796.42.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 27, 2016
Charleston, South Carolina